## IN RE REEVES' ESTATE
## BERG v. HAYWARD ET AL.

(No. 2237; February 2, 1943; 133 Pac. (2d) 503)

For the appellant, the cause was submitted on the brief of *Ivan S. Jones* of Kemmerer.

434

The cause was submitted for respondents upon the briefs of *P. W. Spaulding* of Evanston and *J. A. Christmas* of Kemmerer.

BLUME, Justice.

In this case one Swan Berg claimed to be the surviving husband of the deceased and entitled to letters of administration of her estate and to a homestead right in the ranch property of the deceased in Lincoln County, Wyoming. The court held that he is not the surviving husband of the deceased and entered judgment against him. From this judgment he has appealed. He will hereinafter be referred to as the appellant.

The facts, sufficient for the decision in this case, appear in the agreed statement of facts of the parties herein, as follows: On January 2, 1926, the deceased was married to John Reeves, at Pocatello, Idaho, by a

probate judge of Bannock County, Idaho, pursuant to a license issued by the county recorder of Bannock County, Idaho. No divorce was ever granted between these two. On May 25, 1933, the county recorder of Bonneville County, Idaho, issued a marriage license authorizing the marriage of the appellant to the deceased, therein named Sarah Jane Davis, her maiden name. Pursuant to such license, on the same day, a probate judge of Bonneville County performed a marriage ceremony uniting the appellant and deceased. This last marriage license was returned to the county recorder of Bonneville County, Idaho, with the marriage certificate of said probate judge thereto annexed, and duly recorded in his office by said recorder. John Reeves died April 8, 1935, nearly two years after the date of the marriage between Sarah Jane Davis, above mentioned, and appellant. From May 25, 1933, appellant and deceased lived and cohabited together as husband and wife, with marital intent, and held themselves out, as husband and wife, to the public, their friends, neighbors and relatives. Their joint home, except for a short time immediately following their marriage, was on the ranch lands of the deceased situated in Lincoln County, Wyoming, and consisting of 354.28 acres, which the appellant cultivated and improved as an owner would do. On June 2, 1938, the deceased brought suit against appellant in the District Court of Lincoln County for divorce, in a case entitled Jane Reese Berg v. Swan Berg. Shortly thereafter the deceased and the appellant became reconciled and resumed their marriage relations, which thereafter continued uninterruptedly until the death of the deceased. The deceased died October 6, 1939.

It is conceded by both parties herein that the marriage ceremony which took place between the deceased and the appellant on May 25, 1933, above mentioned, was void, in view of the fact that at that time the de-

ceased had a husband living. It is provided in Section 35-101, Rev. St. 1931, that "Marriages are void without any decree of divorce that may hereafter be contracted in this state: First, when either party has a husband or wife living at the time of contracting the marriage." And that marriages under the circumstances here disclosed are void is recognized by all the authorities. 35 Am. Jur. 271, 272.

It is, however, contended by the appellant that since the former husband of deceased died on April 8, 1935, and the impediment to marriage between him and the deceased was thereby removed, the subsequent continued cohabitation between them made the marriage valid, and that in any event that is true after proceedings in divorce had been commenced and the parties became reconciled and thereafter lived and cohabited together as husband and wife with marital intent. There are many authorities so holding, but only in states in which a common law marriage is recognized. 35 Am. Jur. 312. No previous invalid marriage can be validated by a so-called common law marriage in those jurisdictions wherein, and to the extent that, such marriages are not valid or recognized. 38 C. J. 1297; 18 R. C. L. 437; 35 Am. Jur. 313; note 104 A. L. R. 52(a). The cases are collected in the last mentioned authority. We have held in the case of Roberts v. Roberts, (Wyo.), this day decided, that common law marriages entered into in this state are not valid. If a common law marriage was entered into at all in this case, it was entered into in Lincoln County, Wyoming. It follows, accordingly, that appellant and the deceased never were husband and wife, and that he is not entitled to any rights as such.

The judgment of the district court must, accordingly, be affirmed, and it is so ordered.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.